IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHARON D. WILLIAMS,

                        Petitioner,

     v.                                                          OPINION and ORDER

TAMI STAEHLER, Superintendent,                            22-cv-317-jdp
Robert E. Ellsworth Correctional Center,[1]

                        Respondent.

---

Sharon D. Williams has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Williams asks the court to reduce her 2017 state court sentence for convictions of first-degree reckless injury and felony bail jumping. The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 cases. Rule 4 requires me to examine the petition and supporting exhibits and dismiss the petition if it plainly appears that Williams is not entitled to relief. *See also* 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted unless application makes it clear that petitioner is not entitled to relief).

Williams does not raise any challenges to her underlying convictions. As noted, she challenges her sentence, which consists of 13 years of initial confinement and 11 years of extended supervision. According to Williams, the court made a remark at sentencing that suggested that it gave her an unduly harsh sentence because she had won a trial in the past.

---

[1] Williams' habeas petition lists the State of Wisconsin as respondent. I have changed the caption to reflect that Tami Staehler, Superintendent of the Robert Ellsworth Correctional Center, is the proper respondent. Rule 2(a) of the Rules Governing Section 2254 Cases (state officer who has custody over the petitioner is proper respondent).

Federal habeas relief is available only to state prisoners whose custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state sentence that falls within the limits prescribed by the legislature violates the Constitution only in limited circumstances: (1) if it was based upon inaccurate information, *Lechner v. Frank*, 341 F.3d 635 (7th Cir. 2003); or (2) it is "grossly disproportionate" to the crime. *Henry v. Page*, 223 F.3d 477, 482 (7th Cir. 2000). Williams does not claim that she did *not* win a trial in the past, so she doesn't satisfy the first criteria. And she can't meet the second criteria, given that her crime involved her nearly killing someone by stabbing her in the abdomen with a butcher knife, apparently because she was angry about some Facebook postings. *See* Pet., dkt. 1, at 6, 9.

Williams may be intending to argue that the sentencing court considered conduct for which she had been acquitted in deciding how long her sentence should be. But the Constitution does not forbid this. In imposing sentence, trial courts may consider a wide range of relevant information. *Williams v. New York*, 337 U.S. 241, 247 (1949). This includes charges of which the defendant has been acquitted. *United States v. Watts*, 519 U.S. 148, 152 (1997); *see also State v. Dahms*, No. 2012AP1956-CR, 2014 WL 12664765, at *1 (Wis. Ct. App. Jan. 29, 2014) (noting "longstanding rule" in Wisconsin that a sentencing court may consider facts related to offenses for which the defendant has been acquitted). Further, sentencing courts are granted wide latitude in imposing sentences within the statutory limit, as Williams' sentence was here. *Apprendi v. New Jersey*, 530 U.S. 466, 490 & n.16 (2000).

In sum, it is plain from the petition and its attachments that Williams is not entitled to habeas relief. Accordingly, the court must dismiss the petition.

Finally, under Rule 11 of the Rules Governing Section 2254 Cases, I must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because Williams has not made a substantial showing of a denial of a constitutional right, I will not issue her a certificate of appealability.

## ORDER

IT IS ORDERED that:

1. Sharon William's petition for a writ of habeas corpus is DISMISSED.

2. No certificate of appealability will issue. Williams may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered October 7, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge